Eugene HARRIS and Debbie
Harris, Plaintiffs,

v.

Ruth Ann PANEPINTO, Ph.D., in her capacity as Secretary of the West Virginia Department of Health and Human Resources and Mike Espy, in his capacity as Secretary, United States Department of Agriculture, Defendants.

Civ. A. No. 2:93–0242.

United States District Court,
S.D. West Virginia,
Charleston Division.

Aug. 19, 1993.

---

Michael Miskowiec, Bruce Perrone, WV Legal Services Plan, Inc., Charleston, WV, for plaintiffs.

Mary Blaine McLaughlin, Office of the Atty. Gen., Michael W. Carey, U.S. Atty., Carol A. Casto, Asst. U.S. Atty., Charleston, WV, Elise S. Shore, Thomas Millet, Stuart E. Schiffer, Acting Asst. Atty. Gen., Stuart Gerson, Asst. Atty. Gen., Dept. of Justice, Civ. Div., John Koch, Dept. of Agriculture, Office of Gen. Counsel, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are cross-motions for summary judgment filed by the Plaintiffs and the Defendants. Because the Plaintiffs' claims are moot, the Court **GRANTS** Defendants' motion for summary judgment and **DENIES** Plaintiffs' motion for summary judgment.

Under *Rule 56(c)* of the Federal Rules of Civil Procedure, summary judgment is proper only:

"[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the initial burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must offer evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Based on this standard the Court grants Defendants' motion for summary judgment.

In February and July of 1992, the Plaintiffs applied for food stamps with the West Virginia Department of Health and Human Resources ("DHHR"). The DHHR denied benefits after determining that Plaintiffs' "financial resources" exceeded the $2,000 limitation under 7 U.S.C. § 2014(g)(1) of the Food Stamp Act. Section 2014(g)(1) provides that "a household otherwise eligible to participate in the food stamp program will not be eligible to participate if its resources exceed $2,000 . . . ."

In computing financial resources, the DHHR included the fair market value of Plaintiffs' Chevrolet pickup truck, less a $4,500 exemption under the Food Stamp Act. 7 U.S.C. § 2014(g)(2). As a result the Plaintiffs' total resources exceeded the $2,000 limit under § 2014(g)(1), and Plaintiffs were unable to qualify for food stamps in February and July of 1992.[1]

This action asserts the Defendants improperly included the value of the pickup truck in determining financial resources. The Plaintiffs claim that outstanding liens exceeded the truck's fair market value, making it an "inaccessible resource" under 7 U.S.C. § 2014(g)(5). An "inaccessible resource" includes assets which "the household is unlikely to be able to sell for any significant return because the household's interest is relatively slight. . . ." 7 U.S.C. § 2014(g)(5).

The amended complaint for injunctive and declaratory relief seeks the following:

"A. That the Court declare that Plaintiffs' 1991 Chevrolet S–10 Pick up truck was exempt from resource calculation as an inaccessible resource under 7 U.S.C. § 2014(g)(5) at the time the Harrises applied for food stamps;

B. That the Court enjoin Defendant to determine Plaintiffs eligibility for food stamps without including the value of the Plaintiffs' 1991 Chevrolet S–10 Pick up truck as a resource . . . ."

The Defendants claim that § 2014(g)(5) is inapplicable to licensed vehicles, and that Plaintiffs' claims for food stamps were properly denied based on § 2014(g)(1) and (2). The Defendants also claim this action is moot because Plaintiffs have been receiving food stamps since August, 1992.[2] The Court notes that the original complaint was filed in November, 1992.

In order to establish a case or controversy under Article III of the Constitution, the litigant must first demonstrate that he has suffered a concrete "injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990).

---

1. In July, 1992, the estimated fair market value of Plaintiffs' truck was $7,275. Deducting the $4,500 exemption under § 2014(g)(2), the truck contributed $2,775 in financial resources. Thus the Plaintiffs were ineligible for food stamps under § 2014(g)(1).

2. In August, 1992, the unemployment benefits of Plaintiff Eugene Harris were terminated, and Plaintiffs began receiving benefits under the Aid to Families with Dependent Children with Unemployed Parents ("AFDCU") Program. The Plaintiffs therefore started receiving food stamps under 7 U.S.C. § 2014(j).

In April, 1993, the Plaintiffs stopped receiving AFDCU benefits. The DHHR re-evaluated Plaintiffs' eligibility for food stamps, and determined that the fair market value of Plaintiffs' pickup truck had fallen to $3,200 because of damage. Applying 7 U.S.C. § 2014(g)(1) and (2), the DHHR found that Plaintiffs' total resources were below $2,000, thereby making them eligible for food stamps under the challenged statute.

The alleged harm must be actual or imminent, not "conjectural" or "hypothetical," and the threatened injury must be "certainly impending" to constitute injury in fact. *Id.* at 155, 158, 110 S.Ct. at 1723, 1724. Further, the litigant must show that the injury "fairly can be traced to the challenged action," and "is likely to be redressed by a favorable decision." *Id.* at 155, 110 S.Ct. at 1723; *Valley Forge v. Americans United*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). Article III "denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990) (citation omitted).

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Accordingly, " '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.' " *Renne v. Geary*, — U.S. —, —, 111 S.Ct. 2331, 2338, 115 L.Ed.2d 288 (1991) (citation omitted). Thus the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. at 477, 110 S.Ct. at 1253.

■ A mootness exception applies to actions which are capable of repetition, yet evading review, but this doctrine "will not revive a dispute which became moot before the action commenced." *Renne v. Geary*, — U.S. at —, 111 S.Ct. at 2338. In the absence of a class action, the mootness exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975).

Based on these legal standards, the Court concludes that Plaintiffs lack Article III standing. The Plaintiffs have received food stamps since August, 1992, and are no longer suffering a continuing injury which can be redressed by a favorable decision. The Plaintiffs have qualified for benefits under the challenged statute, and a court order invalidating the application of 7 U.S.C. § 2014(g)(1) and (2) will provide no additional relief. Based on the decreased value of Plaintiffs' pickup truck, there is no "imminent" or "impending" threat that benefits will be revoked. The Court also notes that " '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.' "

The Court does not believe this case falls under the mootness exception for claims which are capable of repetition, yet evading review. The Plaintiffs began receiving food stamps in August, 1992, and this action commenced in November, 1992. Applying the *Lewis* ruling, the mootness exception "will not revive a dispute which became moot before the action commenced."

■ Additionally, the Plaintiffs have failed to demonstrate a "reasonable expectation" that they will be subject to the same action again. The amended complaint specifically seeks to exempt "Plaintiffs' 1991 Chevrolet S–10 Pick up truck" from inclusion as an accessible resource. The Plaintiffs' truck was last valued at $3,200, and § 2014(g)(2) provides a $4,500 exemption for licensed vehicles.[3] There is no "reasonable expectation" that the Chevrolet truck will again exceed the $4,500 exemption, thereby subjecting Plaintiffs to the possible loss of food stamps.

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment, **DENIES** Plaintiffs' motion for summary judgment, and **ORDERS** that this action be dismissed from the docket of the Court.

3. See footnote two.